UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    -vs-                                            Case No. 19-CR-201

JUAN CARDENAS,

    Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Juan Cardenas, by his attorney, Thomas J. Erickson, pursuant to the Due Process provisions of the Fifth Amendment to the United States Constitution as well as Rule 32(c) of the Federal Rules of Criminal Procedure, respectfully submits the following Sentencing Memorandum which requests a downward departure from the sentencing guidelines based on an analysis of factors set forth in 18 U.S.S.G. s. 3553(a).

It is expected that the pre-sentence report will conclude, upon application of the 2018 Sentencing Guidelines Manual, the Defendant is in a guideline imprisonment range of 12 to 18 months based on an offense level of 12 and a criminal history category II. The Defendant statutorily eligible for one to five years of probation. Given the nature and circumstances of the crime and the Defendant otherwise minimal record of two misdemeanors, a sentence of two years of probation is requested by the defense.

### I.    SENTENCING METHODOLOGY

Post-*Booker*, a court may impose a sentence with the applicable guideline range, or Impose a non-guideline sentence if it is justified by 3553(a) factors. *See United States v. Crosby*, No 03-1675, 2005 U.S. App. LEXIS 1699 at 25 (2d Cir. Feb 2, 2005).

1

Title 18 U.S.C. s. 3553(a) requires the court to consider seven factors:

1. The nature and circumstances of the offense and history of characteristics of the defendant;

2. The need for the sentence imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The sentencing range established by the guidelines;

5. Any pertinent policy statements issued by the Sentencing Commission;

6. The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

7. The need to provide restitution to the victims of the offense.

After considering all of these factors, a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." *United States v. Galvez-Barrios*, No. 04-CR-14, 2005 U.S. Dist. LEXIS 1997, at *16-17 (E.D. Wis. Feb. 2, 2005).

In *Gall v. United States*, 552 U.S.-, 2007 WL 4292116 (Dec. 10, 2007), the Supreme Court rejected an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range. The Court made it clear that as long as

2

the record demonstrates that a district court has considered the s. 3553(a) factors and supported its sentence with a rationale that is supported by the record, the sentence shall stand.

## II.  SENTENCING ANALYSIS

The s. 3553(a) factors can be grouped into three general categories: the nature of the offense, the character of the defendant, and the needs of the public and victims of the offense.

### The Nature of the Offense

On July 15, 2019, the Defendant accompanied Mason Beaudry to Fleet Farm in Grand Chute.  The Defendant bought a pistol for Beaudry.  Upon his arrest on August 5, 2019, the Defendant admitted that he bought the gun and ammunition (with money provided by Beaudry) at Beaudry's behest because Beaudry was his friend and he knew Beaudry could not buy a gun because he was a felon.  The Defendant then informed the police of the location of the gun which was recovered.

The Defendant acknowledges that he made a stupid mistake by agreeing to buy a gun for his friend.  He had no idea how much trouble he could get into and only vaguely thought it wasn't right at the time.  In mitigation, the gun was recovered quickly and there it was not used by Beaudry or anyone else in any criminal or violent manner during the twenty days it was possessed.

Accordingly, the Defendant asks that the court consider these factors in mitigation when determining a sentence sufficient but not greater than necessary to serve the purposes of sentencing.

**The Character of the Defendant and the Needs of the Public**

At 24 years old, the Defendant is a young man who is still finding his footing in life while possessing several pro-social qualities that bode well for his future. He struggled academically but did achieve his diploma. His work history is generally positive with his seasonal employment as a concrete laborer ending in October because of the weather. He is confident he will be able to find a job over the winter in a factory setting. He has no history of physical or mental health issues. His marijuana use has slowed down dramatically since his arrest over a year ago and he is the better for it.

The Defendant has a strong relationship with his mother who resides in Hilbert. The Defendant's father is described as emotionally distant and the Defendant is not close to him. His parents divorced in 2013.

The Defendant's record is fairly minimal. Two possessions of drug paraphernalia civil forfeitures from 2015 and 2016, respectively for which he received fines; a possession of marijuana conviction from 2019; and a bail jumping conviction from 2020 for missing court on the 2019 marijuana case.

The Defendant presents himself as a young man who is achieving stability. He is maturing and understands he must make better choices including in terms of his associates. He is not a violent or disruptive person and he is clearly not a danger to society in any manner.

In regard to punishment, the Defendant will be forever branded as a felon. His felony status will impact his employment prospects for the rest of his life as well as be a cross to bear. Also, two years of probation would prove to be a type of punishment in its

4

curtailing of liberties and to that end, the Defendant has been on *de facto* probations/supervision since September of 2020 which has a punitive aspect.

### III. CONCLUSION

In essence, this is a case of a young man making a stupid mistake borne out of loyalty to a friend. While fully recognizing the seriousness of the Defendant's conduct, the Defendant asks the court to consider his minimal record, the mitigating qualities of the nature of the offense, and his positive character traits as factors in determining a fair sentence.

The court should find that there are mitigating circumstances in this case which are not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and which warrant a downward departure. The Defendant asks the court to consider a sentence of two years of probation which is sufficient but not greater than necessary to serve the purposes of sentencing.

Dated this 27th day of October, 2020.

Respectfully submitted,

/s/_____
Thomas J. Erickson
Attorney for Defendant

Address and Phone:
316 N. Milwaukee St., Ste. 550
Milwaukee, WI 53202
(414) 271-0678